DANIEL G. BOGDEN
United States Attorney
KATHRYN C. NEWMAN
Assistant United States Attorney
Nevada Bar No. 13733
ERIC C. SCHMALE
Trial Attorney
U.S. Department of Justice, Tax Division
501 Las Vegas Blvd., South, Suite 1100
Las Vegas, Nevada 89101
P (702) 388-6336 / F (702) 388-5087
kathryn.newman@usdoj.gov
eric.c.schmale@usdoj.gov

Counsel for Plaintiff United States

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
# oOo

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) 2:13-CR-0132-LDG-VCF |
| vs. | ) |
| Jeffrey Nowak, | ) **Stipulation for Witness Joseph Galantino to Be Permitted to Testify Through Live Video Teleconference** |
| Defendant. | ) |

The United States of America, by and through its counsel Kathryn C. Newman, Assistant United States Attorney, and Eric C. Schmale, Department of Justice Trial Attorney, and defendant Jeffrey Nowak, and defendant's counsel, Jeffrey B. Setness, hereby STIPULATE and propose that witness Joseph Galantino be permitted to testify through live video teleconference.  Mr. Galantino lives in Baltimore and is now over 80 years' old, with a variety of health problems including gout, hypertension, diabetes, and atherosclerotic vascular disease.  He has not flown on a plane in more than five years,

1

and is the sole caretaker of his spouse. Mr. Galantino's physician has submitted a letter (attached hereto as Exhibit A) stating that Mr. Galantino's needs could be appropriately accommodated through live video testimony. Under the circumstances, the government and defendant agree that it would be appropriate to permit Mr. Galantino to testify through live video teleconference from the federal district court in Baltimore, the nearest federal court to where Mr. Galantino lives.

Defendant has been advised that the Confrontation Clause of the Sixth Amendment gives a criminal defendant the right "to be confronted with the witnesses against him" and that "the Confrontation Clause reflects a preference for face-to-face confrontation," but that this preference "must occasionally give way to considerations of public policy and the necessities of the case." Maryland v. Craig, 497 U.S. 836, 849 (1990); see also United States v. Sapse, 2012 WL 5334630, at *2 (D. Nev. Oct. 26, 2012) (allowing video teleconference testimony relying on Maryland v. Craig). After being advised of his right to confront witnesses, the defendant knowingly waives that right as to Mr. Galantino.

## The Proposed Video Teleconference Procedure

The government proposes and the defense has no objection as to Mr. Galantino testifying from the District of Maryland in Baltimore, the nearest location to Mr. Galantino's residence. The United States understands that the Court has the ability to arrange for video teleconference testimony with other United States District Courts around the country. The witnesses' testimony would then be projected onto screens in the courtroom here for observation by the parties, Court and jury.

For purposes of preserving the defendants' Confrontation Clause rights, the witness' testimony would be elicited as if they were sitting in the courtroom in Las Vegas:

- The witness would take an oath administered by the Court's Courtroom Clerk in Las Vegas;
- During their testimony, the witness could observe and hear the defendant and defense counsel;
- During the witness' testimony, the defendant could observe him. The witness would be alerted that the defendant could observe him;
- The jury could observe the demeanor of the witness during direct and cross examination; and
- Defense counsel would have a full and fair opportunity to cross examine the witness.

The parties are amenable to any additional procedures that the Court may impose to facilitate live video teleconference testimony.

## Conclusion

For the foregoing reasons, the parties respectfully request that this Court enter an Order reflecting the parties' stipulation to introduce the testimony of Joseph Galantino through Video Teleconference during trial.

DATED:   August 2, 2016

DANIEL G. BOGDEN
United States Attorney

ORDER

/s/
KATHRYN C. NEWMAN
Assistant United States Attorney
ERIC C. SCHMALE
Trial Attorney,
U.S. Department of Justice, Tax Division

IT IS SO ORDERED.
DATED this ___ day of August, 2016.

/s/
JEFFREY B. SETNESS
Fabian VanCott
Counsel for Defendant Jeffrey Nowak

_____
Lloyd D. George
Sr. U.S. District Judge

3

# Exhibit A



Mid-Atlantic Permanente Medical group, P.C.
Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.
Rockville, MD 20852 Mid-Atlantic States, Inc.

6/23/2016

RE:
Joseph G Galantino
9829 Fox Hill Rd
Perry Hall MD 21128

57100950

DOB: 10/31/1934

Attn: ATTY Kathryn C. Newman
    501 Las Vegas Blvd South, Ste 1100
    Las Vegas, NV 89101

Dear Attorney Newman:

I have been asked by Mr Joseph G Galantino, to write a letter on his behalf explaining his current health status. He currently suffers from the following medical problems: Gout, Hypertension, Type 2 Diabetes, & Atherosclerotic Vascular Disease. He has not flown on an airplane in more than 5 years and is the caretaker of his spouse.

Your request for him to travel to Las Vegas, NV from Baltimore, MD would present an undo hardship to his family responsibilities, plus due to his above medical problems could cause worsening of his above medical condition due to the stress of travel for this 81 year old gentlemen.

He is capable of testifying as a witness as he has good command of his mental faculties and continues to work part time in his accounting practice. I would respectfully ask that if you need him as a witness for your case that you could accommodate your needs with some form of video conferencing or other means to avoid the need for him to travel at his age alone to Las Vegas.

Thank you for your consideration.

PAUL T WIELEBINSKI MD
INTERNAL MED WHT MAR
4920 Campbell Boulevard
Baltimore MD 21236